IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| REALTIME DATA LLC, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | CIVIL ACTION NO. 6:17-CV-120 |
| | § | RWS-JDL |
| v. | § | |
| | § | |
| | § | |
| BARRACUDA NETWORKS, INC., | § | JURY TRIAL DEMANDED |
| | § | |
| *Defendant.* | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Before the Court is Defendant Barracuda Networks, Inc.'s ("Barracuda") Motion for Leave to File a First Amended Answer to Plaintiff's Complaint.[1] (Doc. No. 21.) Realtime Data LLC ("Realtime") has filed a response (Doc. No. 24) and Barracuda has filed a reply (Doc. No. 27).

Also before the Court is Barracuda's Motion to Dismiss Realtime's Complaint for Improper Venue (Doc. No. 23), filed one day after Barracuda filed its Motion for Leave to File an Amended Answer. Realtime requested an extension until July 7, 2017 to file a response, which the Court granted. (Doc. No. 26.) However, Realtime did not file a response or any other notice regarding the Motion by the prescribed deadline.

Realtime filed this action for patent infringement on February 27, 2017. (Doc. No. 1.) On April 24, 2017, Barracuda filed its Answer to the Complaint, stating that it "does not dispute that venue is proper in this judicial district." (Doc. No. 19, ¶5.) A month later, on May 22, 2017, the Supreme Court issued its opinion in *TC Heartland LLC v. Kraft Foods Grp. Brands*

---

[1] Barracuda filed an Amended Answer the same day it filed its Motion for Leave. (Doc. No. 22.)

1

*LLC*, 137 S.Ct. 1514 (2017), reaffirming its holding in *Fourco Glass Co. v. Transmirra Prod. Corp.*, 353 U.S. 222, 229 (1957) that 28 U.S.C. § 1400(b) is the "sole and exclusive provision controlling venue in patent infringement actions." Barracuda filed its two currently pending Motions on June 1, 2017 and June 2, 2017. (*See* Doc. Nos. 21, 23.)

Rule 15(a)(1)(A) allows a party to amend a pleading as a matter of course within 21 days after serving it. After 21 days have passed, a party "may amend its pleading only with the opposing party's written consent or the court's leave." Fed.R.Civ.P. 15(a)(2). "The court should freely give leave when justice so requires."[2] *Id.* Leave to amend under Rule 15, however, is "by no means automatic." *Little v. Liquid Air Corp.*, 952 F.2d 841, 846 (5th Cir. 1992). A court may deny leave if there is any "apparent or declared reason" to do so, such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted). The decision to grant or deny leave is within the sound discretion of the district court. *Moore v. Manns,* 732 F.3d 454, 456 (5th Cir.2013) (per curiam); *Foman*, 371 U.S. at 182.

Barracuda seeks leave solely to amend to its Answer with respect to venue. Specifically, Barracuda "seeks to deny that venue is authorized in this district under 28 U.S.C. 1400(b) and affirmatively assert that 28 U.S.C. § 1391(c) does not apply." (Doc. No. 21, at 1; *see also* Doc. No. 22, ¶5.) In its original Answer to Realtime's Complaint, Barracuda had stated that it "does not dispute that venue is proper in this judicial district." (Doc. No. 19, ¶5.)

---

[2] A scheduling order has not yet been entered in this case. Thus, the Court need not first determine whether to there is good cause to modify the pretrial schedule under Rule 16(b)(4). *See S & W Enterprises, L.L.C. v. South Trust Bank of Ala.,* 315 F.3d 533, 536 (5th Cir.2003)

Under Rule 12(h)(1)(B), an improper venue defense is waived if it is not (i) made by a Rule 12(b) motion, or (ii) included in a responsive pleading or in an amendment of a responsive pleading "allowed by Rule 15(a)(1) as a matter of course." Fed.R.Civ.P. 12(h)(1)(B). The Rule 12 Advisory Committee Notes further state,

> the specified defenses [of Rule (h)(1)], even if not waived by the operation of (A), are waived by the failure to raise them by a motion under Rule 12 or in the responsive pleading or any amendment thereof to which the party is entitled as a matter of course. The specified defenses are of such a character that they should not be delayed and brought up for the first time by means of an application to the court to amend the responsive pleading.

Fed.R.Civ.P. 12, Notes of Advisory Committee on Rules—1966 Amendment.

Barracuda's deadline to amend its Answer as a matter of course was May 15. (*See* Doc. No. 19); Fed.R.Civ.P. 15(a)(1)(A). Barracuda thus waived its venue defense. Fed.R.Civ.P. 12(h)(1)(B). Barracuda's Motion for Leave, in effect, is an attempt to circumvent this waiver. However, the Advisory Committee Notes are clear that the defenses listed in Rule 12(b)(2)–(5) "are of such character that they should not be delayed and brought up for the first time by means of an application to the court to amend the responsive pleading." Fed.R.Civ.P. 12, Notes of Advisory Committee on Rules—1966 Amendment. Barracuda demonstrated undue delay in its failure to amend during the time period prescribed by Rule 15(a)(1). Allowing Barracuda to amend its Answer to assert improper venue—after Barracuda specifically stated that venue was proper in its original answer and failed to amend as a matter of course—would also be unduly prejudicial to Realtime, as it would fundamentally alter the nature of the case. *Cf. Mayeux v. Louisiana Health Service and Indem. Co.*, 376 F.3d 420, 427 (5th Cir. 2004) (citing *Lowrey v. Texas A & M Univ. Sys.*, 117 F.3d 242, 246 n.2 (5th Cir. 1997)) (affirming denial of leave to amend based on undue prejudice and delay, where amendment would "fundamentally alter the

3

nature of the case" and was "an unabashed attempt to avoid ERISA preemption and defeat federal court jurisdiction").

In its reply brief in support of its Motion for Leave, Barracuda argues that the Supreme Court's *TC Heartland* decision represented a change in legal interpretation of patent venue such that an improper venue defense was unavailable when Barracuda filed its original Answer. (*See generally*, Doc. No. 27.) Likewise, in its Motion to Dismiss for Improper Venue, Barracuda argues that at the time it filed its Answer, it would have been "premature and presumptuous" to challenge venue or file a Rule 12(b)(3) Motion. (Doc. No. 23, at 1 n.1 (citing *Personal Audio LLC v. Google, Inc.*, No. 1:15-cv-00350-RC, Doc. No. 71 (E.D. Tex. May 15, 2017)).) This Court agrees with the recent decisions holding that "*TC Heartland* does not qualify for the intervening law exception to waiver because it merely affirms the viability of *Fourco*." *Elbit Sys. Land & C41 Ltd. v. Hughes Network Sys., LLC*, No. 2:15-cv-37-RWS-RSP, 2017 WL 2651618, at *20 (E.D. Tex. June 20, 2017) (Report and Recommendation) (quoting *Cobalt Boats, LLC v. Sea Ray Boats, Inc.*, No. 2:15-cv-21, 2017 WL 2556679, at *3 (E.D. Va. June 7, 2017), *mandamus writ denied*, No. 2017-125, 2017 WL 2577399 (Fed. Cir. June 9, 2017)); *Realtime Data LLC v. Carbonite, Inc.*, No. 6:17-cv-00121-RWS-JDL, slip. op., Doc. No. 56, at *3–4 (E.D. Tex. Jul. 11, 2017) (Report and Recommendation); *Diem LLC v. BigCommerce, Inc.*, No. 6:17-cv-186-JRG-JDL, slip. op., Doc. No. 21, at *3 (E.D. Tex. Jul. 6, 2017) (Report and Recommendation); *Tinnus Enterprises, LLC v. Telebrands Corp.*, No. 6:15-cv-551-RC-JDL, slip. op., Doc. No. 316 (E.D. Tex. Jul. 5, 2017) (Report and Recommendation); *see also Infogation Corp. v. HTC Corp.*, No. 16-cv-01902-H-JLB, 2017 WL 2869717, at *2 (S.D. Cal. July 5, 2017); *Amax, Inc. v. ACCO Brands Corp.*, No. 16–10695–NMG, 2017 WL 2818986, at *2–3 (D. Mass. June 29, 2017); *The Chamberlain Grp., Inc. v. Techtronic Indus. Co., Ltd.*, No.

16 C 6097, slip. op., Doc. No. 407, at *2–3 (N.D. Ill. June 28, 2017); *iLife Techs., Inc. v. Nintendo of Am., Inc.*, No. 3:13-CV-04987, 2017 WL 2778006, at *5–6 (N.D. Tex. June 27, 2017); *but see Westech Aerosol Corp. v. 3M Co.*, No. C17-5067-RBL, 2017 WL 2671297, at *2 (W.D. Wash. June 21, 2017) ("Defendants could not have reasonably anticipated this sea change, and so did not waive the defense of improper venue by omitting it from their initial pleading and motions."). Only the Supreme Court can overrule its own precedents. *Thurston Motor Lines, Inc. v. Jordan K. Rand, Ltd.*, 460 U.S. 533, 535 (1983); *Chamberlain Grp.*, Doc. No. 407, at *3 (quoting *TC Heartland*, 137 S.Ct. at 1517) ("[T]he Supreme Court in *TC Heartland* pulled no punches in reminding litigants that 'Congress has not amended § 1400(b) since this Court construed it in *Fourco*.'").

Barracuda's argument that an improper venue defense was not available to it at the time it filed its Answer is thus unpersuasive. (Doc. No. 23, at 1 n.1.) Barracuda filed its Answer a month after the Supreme Court heard oral argument in *TC Heartland*. As this Court has recently stated, "[w]ith a Supreme Court decision looming, it is not unreasonable to require a defendant to raise the propriety of venue in accordance with the federal rules and therefore preserve its consideration after the Supreme Court issues its ruling." *Diem LLC*, No. 6:17-cv-186-JRG-JDL, Doc. No. 21, at *4; .

Accordingly, the Court **DENIES** Barracuda's Motion for Leave to File an Amended Answer to Plaintiff's Complaint (Doc. No. 21) and **STRIKES** Barracuda's Amended Answer (Doc. No. 22) from the docket. Because Barracuda waived its improper venue defense, the Court further **RECOMMENDS** that Barracuda's Motion to Dismiss for Improper Venue (Doc. No. 23) be **DENIED**.

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations contained in this Report. A Party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen (14) days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusion, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Fed.R.Civ.P. 72(b)(2); *see Douglass v. United States Auto Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

**So ORDERED and SIGNED this 13th day of July, 2017.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE