IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| REALTIME DATA LLC | § § | |
| Plaintiff | § § | |
| v. | § § | CASE NO. 6:17-cv-00120-RWS-JDL |
| BARRACUDA NETWORKS INC., et al. | § § | (Lead Case) |
| Defendants | § § § | |

## DOCKET CONTROL ORDER

It is hereby **ORDERED** that the following schedule of deadlines is in effect until further order of this Court:

| | |
|---|---|
| **Trial Date**<br><br>**January 28, 2019**<br><br>Court designated date – not flexible without good cause - Motion Required | 9:00 a.m. JURY TRIAL as reached at the United States District Court, Courtroom of Judge Robert W. Schroeder III, Tyler, Texas. |
| **January 21, 2019**<br><br>Court designated date – not flexible without good cause - Motion Required | 9:00 a.m. JURY SELECTION at the United States District Court, Courtroom of Judge Robert W. Schroeder III, Tyler, Texas. |
| **December 20, 2018**<br><br>Court designated date – not flexible without good cause - Motion Required | 9:00 a.m. PRETRIAL CONFERENCE at the United States District Court, 211 W. Ferguson, 2nd Floor, Courtroom of Judge John D. Love, Tyler, Texas.<br>All pending motions will be heard.<br>Lead trial counsel must attend the pretrial conference. |
| *Dec. 18, 2018* | Parties to file estimates of the amount of time they request at jury selection and trial for (1) voir dire, (2) opening statements, (3) direct and cross examinations, and (4) closing arguments. |
| *Dec. 13, 2018* | Responses to Motions in Limine due. |

1

| | |
|---|---|
| *Dec. 6, 2018* | **Motions in Limine due.** The parties are directed to confer and advise the Court on or before 3:00 p.m. the day before the pre-trial conference which paragraphs are agreed to and those that need to be addressed at the pre-trial conference.<br><br>Motions in limine should comply with local rule CV-7(n). Parties shall file motions in limine as a single document containing no more than 10 disputed issues absent leave of court. |
| *Nov. 30, 2018* | **Deadline to file Joint Pretrial Order, Joint Proposed Jury Instructions with citation to authority, and Form of the Verdict for jury trials.**<br>Proposed Findings of Fact and Conclusions of Law with citation to authority should be filed for issues tried to the bench.<br><br>See the Court's website for a sample Joint Pretrial Order.<br><br>Notice of Request for Daily Transcript or Real Time Reporting of Court Proceedings due. If a daily transcript or real time reporting of court proceedings is requested for trial or hearings, the party or parties making said request shall file a notice with the Court. |
| *Nov. 16, 2018* | **Objections to Pretrial Disclosures and Rebuttal Designations due.**<br>A party may serve and file a list disclosing (1) any objections to the use under Rule 32(a) of a deposition designated by another party under Rule 26(a)(3)(A)(ii); (2) any objections, together with the grounds therefor, that may be made to the admissibility of materials identified under Rule 26(a)(3)(A)(iii); and (3) the use of any witnesses (except for expert objections) identified under Rule 26(a)(3)(A)(i), if any. Prior to filing objections, the parties are expected to comply with the meet and confer requirements of Local Rule CV-7(h).<br><br>Objections should identify the contested exhibit by number and <u>**explain in detail**</u> the legal basis for the objection. The parties should organize their objections into discrete categories. Responses to objections are due within two business days of the filing of the objections.<br><br>Objections not so disclosed, other than objections under Rules 402 and 403 of the Federal Rules of Evidence, shall be deemed waived unless excused by the Court for good cause shown. |
| *Nov. 9, 2018* | **Rebuttal Designations due.**<br>For rebuttal designations, cross examination line and page numbers to be included.<br><br>In video depositions, each party is responsible for preparation of the final edited video in accordance with their parties' designations and the Court's rulings on objections. |
| *Nov. 1, 2018* | **Pretrial Disclosures due.**<br><br>Each party shall provide to the other parties disclosures regarding the evidence that the disclosing party intends to present at trial pursuant to Federal Rule of Civil Procedure 26(a)(3)(A), specifically to include the exchange of exhibit |

| | |
|---|---|
| | lists, witness lists, and deposition designations, if any. Sample exhibit lists and witness lists with the Court's preferred format can be found on the Court's website at www.txed.uscourts.gov. **Parties should use the sample lists of the *trial* judge, which can be found on each respective judge's website.**<br><br>**Deposition Designations**: Each party who proposes to offer deposition testimony pursuant to Rule 26(a)(3)(A)(ii) shall file a disclosure identifying the line and page numbers to be offered. Each side is limited to designating no more than 10 hours of deposition testimony for use at trial absent a showing of good cause. As trial approaches, if either side needs to designate more than 10 hours, the party may file a motion for leave and show good cause. All depositions to be read into evidence as part of the parties' case-in-chief shall be EDITED so as to exclude all unnecessary, repetitious, and irrelevant testimony; ONLY those portions which are relevant to the issues in controversy shall be read into evidence.<br><br>**Witness Lists**: In addition to identifying witnesses as "will call," "may call," or "probably will not call," each side shall identify the witness's employer and topic the witness will address, e.g., John Doe, Acme Corp., invalidity. |
| *Oct. 16, 2018* | **Second mediation to be completed.** |
| **August 20, 2018**<br><br>Court designated date – not flexible without good cause – Motion Required | **Dispositive Motions due from all parties and any other motions that may require a hearing (including *Daubert* motions) due.** Motions shall comply with Local Rule CV-56 and Local Rule CV-7. **Motions to extend page limits will only be granted in exceptional circumstances.**<br><br>For each motion filed, the moving party shall provide the Court with two (2) copies of the completed briefing (opening motion, response, reply, and if applicable, surreply), and any associated exhibits, in a three-ring binder appropriately tabbed. All documents SHALL be double-sided and must include CM/ECF header. The copies shall be delivered to Judge Love's chambers as soon as briefing is completed. |
| *August 10, 2018* | **Expert Discovery Deadline.** |
| *July 27, 2018* | **Rebuttal expert witness reports due.**<br><br>If, without agreement, a party serves a supplemental expert report after the rebuttal expert report deadline has passed, the serving party must file notice with the Court stating service has occurred and the reason why a supplemental report is necessary under the circumstances. |
| *June 15, 2018* | **Deadline to file motions to compel.**<br><br>Prior to filing a motion to compel, the parties are required to comply with the meet and confer requirements of Local Rule CV-7(h). |
| *July 3, 2018* | **Expert witness reports due by the party with the burden of proof.** |
| *June 8, 2018* | **Fact discovery deadline.** |
| *June 4, 2018* | Defendant shall serve **Final Election of Asserted of Prior Art** in compliance with Phased Limits Order. |

| | |
|---|---|
| *May 16, 2018* | Patent Claimant shall serve **Final Election of Asserted Claims** in compliance with Phased Limits Order. |
| *May 14, 2018* | Comply with P.R. 3-7 - (Opinion of Counsel Defenses) <br><br> Parties to **designate *all* experts** who will provide reports pursuant to Federal Rule of Civil Procedure 26(a)(2)(B). At this time, each party shall identify (if not already identified pursuant to this Docket Control Order) each expert by name, address, and telephone number, and provide the other parties with copies of each expert's resume in compliance with Federal Rule of Civil Procedure 26(a)(2)(B)(iv) and (v), and Local Rule CV-26(b). The parties shall also identify the general subject matter on which each expert will provide an opinion. <br><br> Document production deadline. |
| **April 5, 2018** <br><br> Court designated date – not flexible without good cause – Motion Required | ***Markman* hearing and hearing on any Motion for Summary Judgment of Indefiniteness at 9:00 a.m. at the United States District Court, 211 West Ferguson, 2nd Floor, Courtroom of Judge John D. Love, Tyler, Texas.** <br> In order to streamline the *Markman* hearing, the Court will propose a construction for a particular claim term and each party will then have the opportunity to respond to the Court's proposed construction. The Court will take the parties' arguments under advisement and issue a claim construction opinion at a later date. <br> The Court will not permit live testimony regarding claim construction absent an order granting leave to call witnesses. |
| *Mar. 29, 2018* | **P.R. 4-5(d) Chart due.** The parties are to meet and confer and jointly submit a claim construction chart on computer disk in Word format listing each party's proposed construction for each of the terms to be addressed at the *Markman* hearing, including any terms purported to be indefinite. The parties should prioritize and list the terms in order of most importance; the Court will address the terms in the prioritized order presented in the claim construction chart. <br><br> **Reply to Motion for Summary Judgment of Indefiniteness due.** The moving party is to provide the Court with 2 binders containing the entire set of briefing (opening motion, response, reply and surreply, if any) and exhibits appropriately tabbed. All documents SHALL be double-sided and must include CM/ECF header. The copies shall be delivered to Judge Love's chambers as soon as briefing is completed. If a technical advisor has been appointed, the moving party is to provide briefing on disk or CD along with a hard copy, tabbed and bound in notebook format with exhibits to the advisor. <br> Briefing shall comply with Local Rules CV-7 and 56 and Patent Rule 4-5(e). Pages shall be counted against the party's total page limit. *See* Local Rules CV-7(a)(3). Motions to extend page limits will only be granted in exceptional circumstances. |

4

| | |
|---|---|
| *Mar. 23, 2018* | Parties to file a notice with the Court stating the estimated amount of time requested for the *Markman* Hearing. The Court will notify the parties if it is unable to accommodate this request.<br><br>**Comply with P.R. 4-5(c)** - Reply brief and supporting evidence regarding claim construction due. Plaintiff is to provide the Court with 2 binders containing the *Markman* brief it in its entirety (opening brief, response, and reply) and exhibits appropriately tabbed. All documents SHALL be double-sided and must include CM/ECF header. The copies shall be delivered to Judge Love's chambers as soon as briefing is completed. If a technical advisor has been appointed the moving party is to provide their *Markman* brief on disk or CD along with a hard copy, tabbed and bound in notebook format with exhibits to the advisor.<br><br>**Response to Motion for Summary Judgment of Indefiniteness due.**<br>Briefing shall comply with Local Rules CV-7 and 56 and Patent Rule 4-5(e). Pages shall be counted against the party's total page limit. *See* Local Rules CV-7(a)(3). <u>Motions to extend page limits will only be granted in exceptional circumstances.</u> |
| *Mar. 9, 2018* | **Comply with P.R. 4-5(b)** - Responsive claim construction brief and supporting evidence due.<br><br>**Motion for Summary Judgment of Indefiniteness due.**<br>Briefing shall comply with Local Rules CV-7 and 56 and Patent Rule 4-5(e). Pages shall be counted against the party's total page limit. *See* Local Rules CV-7(a)(3). <u>Motions to extend page limits will only be granted in exceptional circumstances.</u> |
| *Feb. 23, 2018* | Defendant shall serve **Preliminary Election of Asserted of Prior Art** in compliance with Phased Limits Order. |
| *Feb. 16, 2018* | **Comply with P.R. 4-5(a)** - The party claiming patent infringement shall serve and file an opening brief and any evidence supporting its claim construction.<br><br>Briefing shall comply with Local Rules CV-7 and 56 and Patent Rule 4-5(e). <u>Motions to extend page limits will only be granted in exceptional circumstances.</u><br><br>**Tutorials due.** Deadline for parties, if they desire, to provide Court with tutorials concerning technology involved in patent(s). The parties shall submit two (2) copies of their tutorials to the Court. If a technical advisor has been appointed, each party that provides a tutorial shall provide a copy to the advisor. |
| *Feb. 9, 2018* | **Discovery Deadline - Claim Construction Issues.** The patent claimant shall serve **Preliminary Election of Asserted Claims** in compliance with Phased Limits Order. |

| | |
|---|---|
| *Jan. 25, 2018* | Proposed Technical Advisors due if one has not already been appointed. Parties to provide name, address, phone number, and curriculum vitae for up to three agreed technical advisors and information regarding the nominees' availability for *Markman* hearing or a statement that they could not reach an agreement as to any potential technical advisor. If the parties cannot agree on a technical advisor, they shall not submit any proposed technical advisors to the Court. If the parties feel a technical advisor is unnecessary, they shall alert the Court at this time. |
| *Jan. 22, 2018* | **Response to Motion for Leave to Call Live Witnesses** during the *Markman* Hearing due as necessary. Brief shall not exceed 5 pages.<br><br>***Reply to Combined Motion for Summary Judgment and claim construction brief due.** Brief shall not exceed 5 pages.* If an early *Markman* hearing is scheduled. |
| *Jan. 15, 2018* | **Comply with P.R. 4-3** - Filing of Joint Claim Construction and Prehearing Statement.<br><br>In the P.R. 4-3 filing, the parties shall list the most significant terms according to the parties' priorities, which were agreed upon during the P.R. 4-2 meet and confer, indicating which of those terms will be case or claim dispositive. A maximum of 10 terms will be construed, unless parties have received other instruction from the Court. If the parties cannot agree to the most important 10 terms, the parties shall identify the terms that were agreed upon and then divide the remainder evenly between Plaintiff(s) and Defendant(s).<br><br>The nonmoving party subject to an indefiniteness challenge must provide a preliminary identification of any expert testimony it intends to rely on in its response to the moving party's indefiniteness challenge. The nonmoving party shall also provide a brief description of that witness' proposed testimony.<br><br>As to claim construction, the Court will not permit live testimony during the *Markman* hearing absent an order granting leave to call witnesses (in person or by deposition). The Court prefers evidentiary support for a parties' claim construction position via sworn declaration. However, in accordance with P.R. 4-3(d), a party may file a **Motion for Leave to Call Live Witnesses** during the *Markman* Hearing. The Motion shall be limited to 5 pages, providing a brief description of the proposed testimony supported by a clear showing of good cause.<br><br>***Response to Combined Motion for Summary Judgment and claim construction brief due.** Brief shall not exceed 15 pages.<br>* If an early *Markman* hearing is scheduled. |
| *Jan. 3, 2018* | **Joint Submission to Construe More Than 10 Terms Due.** Motions shall be limited to 10 pages.<br><br>***Combined Motion for Summary Judgment and claim construction brief due.** Brief shall not exceed 15 pages.<br><br>* If an early *Markman* hearing is scheduled. |

6

| | |
|---|---|
| *Dec. 20, 2017* | *Proposed Technical Advisors due. Parties shall provide the name, address, phone number, and curriculum vitae for up to three agreed technical advisors and information regarding the nominees' availability for the *Markman* hearing or a statement that they could not reach an agreement as to any potential technical advisor. If the parties cannot agree on a technical advisor, they shall not submit any proposed technical advisors to the Court. If the parties feel a technical advisor is unnecessary, they shall alert the Court at this time.<br><br>* If an early *Markman* hearing is scheduled. |
| *Dec. 15, 2017* | **Comply with P.R. 4-2** - Exchange of Preliminary Claim Constructions and Extrinsic Evidence.<br><br>In compliance with this exchange, any party who contends a claim term is indefinite and intends to file a motion for summary judgment of indefiniteness, MUST identify that claim term and provide citation to any extrinsic evidence for that position. This exchange includes a preliminary identification of any expert testimony the moving party intends to rely on in its motion. The moving party shall also provide a brief description of that witness' proposed testimony. If a party intends to file an indefiniteness challenge without the benefit of expert testimony, it must inform the nonmoving party.<br><br>**Privilege Logs** to be exchanged by parties, identifying the documents or information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the applicability of the privilege or protection. A party may move the Court for an order compelling the production of any privileged documents or information identified on any other party's privilege log. If such a motion is made, the party asserting privilege shall file with the Court within thirty (30) days of the filing of the motion to compel any proof in the form of declarations or affidavits to support their assertions of privilege, along with the documents over which privilege is asserted for in camera inspection. If the parties have no disputes concerning privileged documents or information, then the parties shall file a notice so stating **within 10 days** of exchanging privilege logs. |
| *Dec. 11, 2017* | **Additional Disclosures.** To the extent not already disclosed under this Order or as required by the Federal Rules of Civil Procedure, and without awaiting a discovery request, each party shall provide to every other party a copy of all documents, data compilations and tangible things in the possession, custody, or control of the party that are relevant to all pleaded claims or defenses involved in this action. Parties shall refer to Local Rule CV-26(d) in compliance with these disclosures.<br><br>**Ongoing Duty to Supplement.** After disclosure is made pursuant to this order, each party is under a duty to supplement or correct its disclosures immediately if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true. |

| | |
|---|---|
| *Dec. 8, 2017* | **First mediation to be completed.** |
| *Dec. 8, 2017* | In order to facilitate the P.R. 4-2 Exchange of Preliminary Claim Constructions and Extrinsic Evidence, as well as structure the *Markman* Hearing, the parties shall meet and confer to limit the terms in dispute, jointly identifying and prioritizing a maximum of 10 terms that are likely to be most significant in resolving the parties' dispute, including the terms where construction may be case or claim dispositive. If more than 10 terms are to be construed, the parties must collectively seek leave from the Court.<br><br>If the doctrine of equivalents is asserted, the parties shall disclose any prior art that purportedly ensnares the asserted equivalent. |
| *Dec. 1, 2017* | **Comply with P.R. 4-1** - Exchange Proposed Terms and Claim Elements for Construction. |
| *Nov. 21, 2017* | **Comply with P.R. 3-3 and 3-4** - Invalidity Contentions due. Thereafter, except as provided in Patent Rule 3-6(a), it is necessary to obtain leave of Court to add and/or amend invalidity contentions, pursuant to Patent Rule 3-6(b).<br><br>Defendant shall join additional parties. It is not necessary to file a motion to join additional parties prior to this date. Thereafter, it is necessary to obtain leave of Court to join additional parties.<br><br>Defendant shall assert any counterclaims. After this deadline, leave of Court must be obtained to assert any counterclaims. |
| *Nov. 10, 2017* | **Deadline to File Letter Brief Requesting Early *Markman* Hearing/Summary Judgment.** The Court will permit Defendant to submit, if desired, a request to construe no more than three "case dispositive" claim terms in a letter brief. The letter brief shall explain the Defendant's proposed constructions of the term(s) and why such a construction will dispose of the case. See the Court's website for further information.<br><br>The early claim construction proceeding is intended to address dispositive issues with regard to noninfringement, not indefiniteness. The Docket Control Order outlines a different procedure for motions for summary judgment of indefiniteness. Such issues will be addressed at the *Markman* hearing during the regular course of litigation. |
| | |
| | |
| *Oct. 11, 2017* | **Deadline to File Motion to Transfer Venue.** In the alternative, parties shall move for an extension of time to file a motion to transfer. |
| *Sept. 20, 2017* | **Initial Disclosures due.** Each party shall serve initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1)(A). |

8

| | |
|---|---|
| *Sept. 18, 2017* | **Comply with P.R. 3-1 and P.R. 3-2** - Disclosure of Asserted Claims and Infringement Contentions due. Thereafter, except as provided in Patent Rule 3-6(a), it is necessary to obtain leave of Court to add and/or amend infringement contentions, pursuant to Patent Rule 3-6(b).<br><br>Plaintiff shall join additional parties. It is not necessary to file a motion to join additional parties prior to this date. Thereafter, it is necessary to obtain leave of Court to join additional parties.<br><br>Plaintiff shall add new patents and/or claims for patents-in-suit. It is not necessary to file a motion to add additional patents or claims prior to this date. Thereafter, it is necessary to obtain leave of Court to add patents or claims. |
| *No. of trial days* | **EXPECTED LENGTH OF TRIAL** |

*In the event that any of these dates fall on a weekend or Court holiday, the deadline is modified to be the next Court business day.

The parties are directed to Local Rule CV-7(d), which provides in part that "[i]n the event a party fails to oppose a motion in the manner prescribed herein the Court will assume that the party has no opposition."

**MODIFYING/AMENDING this Docket Control Order**. A party seeking to amend or modify this Docket Control Order shall re-file a complete Proposed Docket Control Order in every instance where a motion to modify / amend a Docket Control Order is to be considered by the Court. The amended Docket Control Order shall incorporate the modified deadlines in addition to the deadlines that remain unchanged. Each proposed modified deadline should be entered above the corresponding current deadline, within the same cell as the corresponding current deadline. The modified deadline should be placed between brackets (i.e. "[" and "]"), but should otherwise be in a font and format identical to the current deadline.
For example:

| | |
|---|---|
| [Jan. 10, 2019]<br><br>Jan. 1, 2019 | **Deadline to File Motion for Summary Judgment of Indefiniteness.**<br>See the Court's website for further information. |

## OTHER LIMITATIONS

(a) The following excuses will not warrant a continuance nor justify a failure to comply with the discovery deadline:

    (i) The fact that there are motions for summary judgment or motions to dismiss pending;
    (ii) The fact that one or more of the attorneys is set for trial in another court on the same day, unless the other setting was made prior to the date of this order or was made as a special provision for the parties in the other case;
    (iii) The failure to complete discovery prior to trial, unless the parties can demonstrate that it was impossible to complete discovery despite their good faith effort to do so.

**So ORDERED and SIGNED this 27th day of September, 2017.**

*[Signature]*
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE