IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| REALTIME DATA LLC, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 6:17-CV-00120-RWS |
| | § | |
| v. | § | |
| | § | |
| BARRACUDA NETWORKS INC., | § | |
| | § | |
| Defendant. | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Barracuda Networks Inc.'s Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a). (Doc. No. 48.) Plaintiff Realtime Data LLC responded (Doc. No. 66) and Barracuda replied. (Doc. No. 67.)

## BACKGROUND

Realtime alleges that Barracuda infringes its '530, '728, '908, and '204 Patents. (Doc. No. 1.) Realtime is a New York corporation with places of business at 5851 Legacy Circle, Plano, Texas 75024, 1828 E.S.E. Loop 323, Tyler, Texas 75701, and 66 Palmer Avenue, Suite 27, Bronxville, NY 10708. *Id.* Realtime maintains an office in Tyler, Texas where its relevant documents are housed. (Doc. No. 66 at 3.)

Barracuda is a Delaware company who is headquartered in Campbell, California in the Northern District of California. (Doc. No. 48 at 1.) Barracuda identifies four employees with relevant information in this case that reside in the Northern District of California. *Id.* at 2–5. Barracuda asserts that its documents are located in California and a California-based engineer will be needed to aid in selecting relevant source code. *Id.* at 5.

## **LEGAL STANDARD**

Section 1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The goals of § 1404(a) are to prevent waste of time, energy, and money, and also to protect litigants, witnesses, and the public against unnecessary inconvenience and expense. *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). Ultimately it is within a district court's sound discretion to transfer venue pursuant to 28 U.S.C. § 1404(a), but the court must exercise its discretion in light of the particular circumstances of the case. *Odom v. Microsoft Corp.*, 596 F. Supp. 2d 995, 999 (citing *Hanby v. Shell Oil Co.*, 144 F. Supp. 2d 673, 676 (E.D. Tex. 2001). The party seeking transfer must show good cause for the transfer. *In re Volkswagen of America, Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc) ("*Volkswagen II*"). To show good cause, the moving party must demonstrate the transferee venue is clearly more convenient. *Id.*

When deciding whether to transfer venue, a district court balances the private interests of the parties and the public interests in the fair and efficient administration of justice. The private interest factors the court considers are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*"). The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict laws or in the application of foreign law. *Id.*

The threshold issue in a § 1404(a) analysis is "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *Volkswagen I,* 371 F.3d at 203. In a patent infringement action, venue is proper in "the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). Realtime does not contest that Barracuda conducts business in the Northern District of California and that transfer is permissible under § 1404.

**I.     Private Interest Factors**

*(a) The Relative Ease of Access to Sources of Proof*

To weigh in favor for transfer under this factor, the movant must demonstrate transfer will result in more convenient access to sources of proof. *Adaptix, Inc. v. HTC Corp.*, 937 F. Supp. 2d 867, 872 (E.D. Tex. 2013) (citing *In re Genentech, Inc.*, 566 F.3d 1338, 1345–46 (Fed. Cir. 2009). The Federal Circuit requires the Court to assume that the bulk of all relevant evidence will come from the accused infringer. *Id.* To meet its burden, Barracuda must identify its sources of proof with some specificity such that the Court may determine whether transfer will increase the convenience of the parties. *In re Apple,* 743 F.3d 1377, 1379 (Fed. Cir. 2014); *see also Chrimar Systems, Inc.*, No. 6:15-cv-653, 2016 WL 3574628, at *2–3 (E.D. Tex. Mar. 31, 2016).

Barracuda contends that the hard copy documents related to the accused products will be collected at its headquarters in Campbell, California. (Honda Decl. ¶ 12.) Barracuda identifies four of its senior officials who have relevant knowledge and each resides in or around Campbell, California. (Doc. No. 48 at 2–3.) Realtime states that all of its documents supporting its

licensing efforts are stored in its Tyler office. (Doc. No. 66 at 3.) Realtime also identifies one employee—Deepita Pagala—who works in its office in Plano, Texas. *Id.*

Barracuda specifically identifies the location of its sources of proof in California, including documents related to the products. Barracuda further identifies four employees with relevant knowledge in this case who reside in the Northern District of California. Realtime identifies no employee with relevant knowledge located in this District but does assert relevant documents and physical products are located here. In weighing this factor, the Court must acknowledge that "the bulk of relevant evidence usually comes from the accused infringer." *Genentech*, 566 F.3d at 1345. The Court does not wholly discount Realtime's relevant documents in this District. However, on balance, considering the specific categories of documents identified, the Court finds this factor weighs in favor of transfer.

*(b) The Availability of the Compulsory Process to Secure the Attendance of Witnesses*

The second private interest factor instructs the Court to consider the availability of compulsory process to secure the attendance of witnesses, particularly non-party witnesses whose attendance may need to be secured by a court order. *See In re Volkswagen II*, 545 F.3d at 316. The Court gives more weight to those specifically identified witnesses and affords less weight to vague assertions that witnesses are likely located in a particular forum. *See Novelpoint Learning v. Leapfrog Enter.*, No 6:10-cv-229, 2010 WL 5068146, at *6 (E.D.Tex Dec. 6, 2010) (stating that the Court will not base its conclusion on unidentified witnesses); *see also West Coast Trends, Inc. v. Ogio Int'l, Inc.*, No. 6:10-cv-688, 2011 WL 5117850, at *3 (E.D. Tex. Oct. 27, 2011).

Barracuda states that two of its former employees have information in this case and both reside in the Northern District of California. (Doc. No. 66 at 3–4.) Barracuda states that the

Former Vice President of Software Engineering was a key person in developing one aspect of the products and has unique information related to the development of the products and demonstrates the independent development and ease of modifications to the design of the product. *Id.* In addition, a former employee who was a product specialist responsible for the accused product was responsible for working with new, prospective, and current customers to discuss features and benefits of a product. *Id.* at 4. Barracuda identifies a prior art witness of the '036 patent and a person who built a system called the Bay Area Research Wireless Access Network as someone whose work is discussed in the '728 patent. *Id.* at 5. All of these witnesses reside in the Northern District of California. *Id.* Realtime argues that Barracuda failed to show the materiality of these witnesses. (Doc. No. 66 at 4.) Realtime further argues that prior art witnesses rarely testify at trial and there is no good faith basis they will be called in this case. *Id.* Last, Realtime argues that the testimony could be given via video. *Id.*

Barracuda explicitly states that its Former Vice President was a key developer in developing one aspect of the products and could show independent development. This demonstrates the materiality of his testimony, and he resides in the Northern District of California. And while video testimony may be a viable option under Rule 45, such a suggestion does not address the potential value to be added by having this witness testify in person at trial. *See Realtime Data LLC v. Teradata Operations, Inc.*, No. 6:15-cv-463, 2016 WL 235183, at *3 (E.D. Tex. Jan. 20, 2016). Because Barracuda has shown at least one third party witness within the subpoena power of the Northern District of California and Realtime has not shown any third-party witness within this Court's subpoena power, this factor favors transfer to the Northern District of California.

    *(c) The Cost of Attendance for Willing Witnesses*

In analyzing this factor, all parties and witnesses must be considered. *Volkswagen I*, 371 F.3d at 204. "Because it generally becomes more inconvenient and costly for witnesses to attend trial the further they are away from home, the Fifth Circuit established in *Volkswagen I* a '100-mile' rule, which requires that '[w]hen the distance between an existing venue for trial of a matter and a proposed venue under §1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled.'" *In re TS Tech USA Corp.*, 551 F.3d 1315, 1320 (Fed. Cir. 2008) (citations omitted).

Barracuda identifies four of its employees with particularized knowledge who reside in the Northern District of California. (Doc. No. 48 at 2–3.) Barracuda argues that having the witnesses travel will materially affect their business. *Id.* at 3. Realtime argues that two of Barracuda's named employees have duplicative knowledge. (Doc. No. 66 at 5.) Realtime maintains that the witnesses will have internet and cell phones while they travel, and Realtime's witness lives closer to the Eastern District of Texas than to Northern District of California. *Id.*

Barracuda identifies four potential witnesses with relevant information regarding the accused products where the Northern District of California is more convenient. (Honda Decl. ¶¶ 6–10.) Although Realtime argues this District is more convenient for its witnesses, that contention is entitled to lesser weight because Realtime's witnesses reside in New York and therefore "will be required to travel a significant distance no matter where they testify." *Genentech,* 566 F.3d at 1345. Accordingly, any added inconvenience to Realtime's witnesses of traveling to California, rather than to Texas, should not be overemphasized, especially when considering that Barracuda's witnesses who live in or near the Northern District of California will be "unnecessarily inconvenienced by having to travel away from home to testify" in this District. *Id.* Because a substantial number of material witnesses reside in or near the Northern

6

District of California and none reside in this District, this factor weighs in favor of transfer to the Northern District of California.

*(d) Other Practical Problems*

*(1) Judicial Economy*

Although judicial economy is not among the list of the enumerated factors, it can be a consideration when determining whether a transfer is in the interest of justice. *Volkswagen II*, 565 F.2d at 1351. Barracuda maintains that there is no incremental loss in judicial efficiency in this transfer because the Northern District of California already has four cases involving one or more of the patents in suit. (Doc. No. 48 at 11.) Realtime argues that there are eight pending cases in this court involving the same patents or related patents, and the Court has taken up multiple *Markman* hearings and has gone to trial on three of the patents. (Doc. No. 66 at 6–7.) Realtime maintains that the cases in the Northern District of California were filed or transferred after this case was filed, and therefore irrelevant. *Id.* at 7–8. Realtime argues these cases are also in their infancy. *Id.*

For purposes of judicial economy, the Court recognizes those benefits that were apparent at the time the instant action was filed. *See In re EMC Corp.*, 501 F. App'x 973, 976 (Fed. Cir. 2013) ("[A] district court may properly consider any judicial economy benefits which would have been apparent at the time the suit was filed"). Here, at the time the instant action was filed, Judge Schroeder has already dealt with the '530 patent at trial and has trials set for three of the same patents in January 2018: the '530, '728, and '908 Patents. *Realtime Data LLC v. Rackspace*, No. 6:16-cv-961. The undersigned also has current pending cases involving all these

patents filed at or before this case was filed.[1] Further, at the time the case was filed, the undersigned issued *Markman* orders on the '530, '728, and '908 Patents. *See Realtime Data LLC v. Actian Corp.*, No. 6:15-cv-463, Doc. No. 362 (July 28, 2016); *Realtime Data LLC v. T-Mobile USA, Inc.*, No. 6:10-cv-493, Doc. No. 438 (October 1, 2012); *Realtime Data LLC v. Packeteer, Inc.*, No. 6:08-cv-144, Doc. No. 324 (June 2, 2009). Although the Northern District of California has pending cases involving one or more of these patents, these cases were filed and transferred before this case was filed and have no bearing on the analysis here. *In re EMC Corp.*, 501 F. App'x at 976.

Given that this Court is the only court with substantive experience with some of the patents-in-suit, and currently has pending cases involving all the patents—all assigned to the undersigned and Judge Schroeder—there were at least some apparent judicial economy benefits at the time of the filing that favor this action remaining in this District. This Court's substantive familiarity with the patents-in-suit weighs slightly against transfer.

## II.  Public Interest Factors

The parties agree that the public interest factors are neutral with the exception of the localized interest factor.

*(a) The Local Interest in Having Localized Interests Decided at Home*

Barracuda argues that the Northern District of California has a localized interest because it is home to the accused products, relevant witnesses, and evidence. (Doc. No. 48 at 12.) Realtime argues the ties to California amounts to a bias towards Barracuda because it is

---

[1] *Realtime Data LLC v. Hewlett Packard Enterprise Co. et al.*, No. 6:16-cv-086 (the '530, '728, and '908 Patents); *Realtime Data LLC v. Savvis Comm. Corp.*, No. 6:16-cv-087 (the '530, '728, and '908 Patents); *Realtime Data LLC v. Dell Inc. et al.*, No. 6:16-cv-89 (the '728 Patent); *Realtime Data LLC v. Rackspace*, No. 6:16-cv-961 (the '530, '728, and '908 Patents); *Realtime Data LLC v. Carbonite, Inc. et al.*, No. 6:17-cv-121 (same patents); *Realtime Data LLC v. Exinda, Inc.*, No. 6:17-cv-124 (same patents); *Realtime Data LLC v. EchoStar Corp. et al.*, No. 6:17-cv-084 (the '204 and '728 Patents).

headquartered there. (Doc. No. 66 at 8–9.)  Realtime states that the accused products are also sold elsewhere in the United States, and therefore there is not a substantial local interest in any particular district. *Id.* Realtime argues that its ties to the District are not only for litigation, but for commercializing intellectual property. *Id.* at 9.

Ultimately, because Barracuda has identified individuals whose work relates to the accused technology and who are located in California, the Court finds that the Northern District of California has a greater local interest in the outcome of the litigation. *See In re Hoffman-La Roche Inc.*, 587 F.3d 1333, 1336 (Fed. Cir. 2009) ("[L]ocal interest in this case remains strong because the cause of action calls into question the work and reputation of several individuals residing in or near that district and who presumably conduct business in that community."); *Eon Corp. IP Holdings, LLC v. Sensus, USA Inc.*, No. 2:10-cv-449, 2012 WL 122562, at *5 (E.D. Tex. Jan. 9, 2012). Although Realtime argues this will only result in a bias in favor of Barracuda, there has been no showing that bias will result merely because there is a stronger local interest. This District also has at least some local interest given that Realtime has two offices in this District, but on balance, this factor weighs slightly in favor of transfer to the Northern District of California.

## **CONCLUSION**

Upon balancing the venue factors, the Court finds that the Northern District of California is a clearly more convenient forum. Here, the location of sources of proof, the convenience of willing witnesses, the availability of compulsory process, and the local interest weigh in favor of transfer. These four important factors, considered together, ultimately weigh heavily in favor of transfer in this case. Considerations of judicial economy weigh slightly against transfer. All other private interest factors are neutral. The Court acknowledges that the strongest factor

against transfer on the facts before it is judicial economy. In this situation, where Barracuda has made a strong showing in favor of transfer on factors such as the location of sources of proof and the convenience of witnesses, the benefits of judicial economy do not outweigh Barracuda's showing that the Northern District of California is clearly more convenient. Simply put, where Barracuda has shown the Northern District of California is a clearly more convenient forum, the considerations of judicial economy do not override that showing to warrant a denial of transfer. *See In re Verizon*, 635 F.3d 559, 562 (Fed. Cir. 2011) ("[t]o interpret § 1404(a) to hold that any prior suit involving the same patent can override a compelling showing of transfer would be inconsistent with the policies underlying § 1404(a)"); *In re Morgan Stanley*, 417 F. App'x 947, 949 (Fed. Cir. 2011) ("[t]he proper administration of justice may be to transfer to the far more convenient venue even when the trial court has some familiarity with a matter from prior litigation").

Accordingly, the Court **GRANTS** Barracuda's motion to transfer. (Doc. No. 48.**)**

**So ORDERED and SIGNED this 24th day of October, 2017.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE